MEISTER SEELIG & SCHUSTER

Ilana Haramati
*Partner*
ih@mss-pllc.com
Tel: (646) 860-3130
Fax: (212) 655-3535

October 30, 2026

**VIA ECF**

Hon. Ramon E. Reyes Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 2E North
Brooklyn, NY 11201

**Re: *United States v. Yehuda Ringel*, 26-cr-44**

Dear Judge Reyes:

We represent defendant Yehuda Ringel in the above-captioned case.

We write to respectfully request that the Court deny the government's restitution request. Under § 2259, the government requests a total restitution amount of $35,000 on behalf of six victims. In requesting restitution, "the 'government bears the burden of proving the amount of a victim's losses' by a preponderance of the evidence." *United States v. DiLeo*, 58 F. Supp. 3d 239, 243 (E.D.N.Y. 2014) (quoting *Paroline v. United States*, 572 U.S. 434, 462 (2014)). Because the government has not borne its burden to demonstrate that Mr. Ringel's restitution obligations exceed the $3,000 minimum restitution mandated for each victim pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court should limit Mr. Ringel's restitution judgment accordingly.

But doing so in this context is not straightforward. Because of the diffuse nature of the harm incurred by victims of child pornography, and the equally diffuse set of individuals causing that harm, the Supreme Court in *Paroline* recognized the inherent difficulty in apportioning a victim's harm to a defendant found guilty of a child pornography offense involving an individual victim's image. *See Paroline*, 572 U.S. at 449 ("The difficulty is in determining the 'full amount' of those general losses, if any, that are the proximate result of the offense conduct of a particular defendant who is one of thousands who have possessed and will in the future possess the victim's images but who has no other connection to the victim;" "In determining the amount of general losses a defendant must pay under § 2259 the ultimate question is how much of these losses were the 'proximate result,' of that individual's offense") (citations omitted).

To address that problem of attributing a victim's harms to a specific defendant under § 2259, the Supreme Court identified "a variety of factors district courts might consider in determining a proper amount of restitution,"—although cautioning that "it is neither necessary nor

appropriate to prescribe a precise algorithm for determining the proper restitution." *Paroline*, 572 U.S. at 459–60. The factors the Supreme Court listed include:

(1) the "number of past criminal defendants found to have contributed to the victim's general losses;"

(2) the "reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;"

(3) "any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);"

(4) "whether the defendant reproduced or distributed images of the victim;"

(5) "whether the defendant had any connection to the initial production of the images;"

(6) "how many images of the victim the defendant possessed;" and

(7) "other facts relevant to the defendant's relative causal role."

*Id*. at 460.

Here, while the government's restitution submission calculates each victim's total claimed losses, it does nothing to substantially address the *Paroline* factors. The government thus fails to bear its burden of proving Mr. Ringel's restitution obligation beyond the $3,000 minimum mandated for each victim under 18 U.S.C. § 2259(b)(2)(B).

The government has not even attempted to address *Paroline's* first three factors—past and future defendants responsible for the victim's harm, and an estimate of the broader number of offenders involved with the images. *See Paroline*, 572 U.S. at 460. While Mr. Ringel was convicted of possessing images, all evidence suggests that he merely received images widely distributed on internet sites. He is thus but one participant in a much broader marketplace. Indeed, it is likely that many thousands of other people possessed these and similar images. But the government has made no effort to determine how many other people did so. The government has provided no details regarding a possible estimate of the other defendants and offenders who may be involved in trafficking these six victim's images. The default presumption must, therefore, remain that Mr. Ringel was but a minute participant in each victim's harms.[1]

[1] The only hint of relevant information in the government's submission is that the victim identified as Sloane "believe[s] the number of prior orders" relating to her images is "1625," but she "cannot be certain of the accuracy of this number," and doubts that "anyone at this time" could "know the broader number of people downloading her images." Gov. Ex. B.

The other *Paroline* factors also uniformly suggest that Mr. Ringel—relative to the universe of individuals responsible for the victims' harms—bears only a small fraction of the broader responsibility. Mr. Ringel did not "reproduce[] or distribute[] images of the victim[s]." *Paroline*, 572 U.S. at 460. Mr. Ringel was not involved in "the initial production of the [victims'] images" (or indeed any child pornography). *Id.* And Mr. Ringel possessed only a handful of each of the victims' images. *Id.* According to the government, Mr. Ringel possessed between one and six files related to each victim. *See* Gov. Mot. at 4, 7-8.

By any measure, Mr. Ringel is but minimally culpable for the victims' harms. He should be required to pay only the $3,000 statutory minimum restitution per victim. *See* 18 U.S.C. § 2259(b)(2)(B); *see also United States v. Castro*, No. 14 CR. 318 (LGS), 2016 WL 8670503, at *1–2 (S.D.N.Y. Mar. 7, 2016) (rejecting the government's motion for $13,000 in restitution for a defendant convicted of possessing child pornography, and imposing $2,200 instead, where "[t]he Government does not provide any information concerning the first three *Paroline* factors," and the remaining *Paroline* factors supported a conclusion that the "[d]efendant had a small relative causal role in the injury to the two victims, and has little means to compensate them for their injuries.").

Respectfully submitted,

/s/ IH
Ilana Haramati

*Counsel for Defendant Yehuda Ringel*

cc: Counsel of Record (*via ECF*)